UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH WALKER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MIKE MARTINEZ, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  23-cv-1521-CAB-KSC<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT DICK'S SPORTING GOODS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 26]** |

On April 9, 2024, Defendant Dick's Sporting Goods ("DSG") filed a motion to dismiss the first amended complaint ("FAC"). The motion has been fully briefed, and the Court finds it suitable for determination on the papers. For the reasons set forth below, the motion is hereby **GRANTED-IN-PART and DENIED-IN-PART.**

I.   **ALLEGATIONS IN THE FAC**

On April 14, 2023, Plaintiff Hannah Walker, an African American woman, walked into the Dick's Sporting Goods store located in the Escondido Promenade Mall and started browsing the store. [FAC at ¶¶ 7-9]. When she walked in, an employee of the store named Derrick Johnson allegedly reported over an unidentified radio system that "we have a friend" in the store. [FAC at ¶ 10]. Finding nothing, Plaintiff left the store. [FAC at ¶ 11]. At the same time Plaintiff was leaving, Defendant Escondido police

1

23-cv-1521-CAB-KSC

officer Mike Martinez ("Defendant Martinez") allegedly walked into the store wearing civilian clothes. [FAC at ¶ 11]. DSG employee Sean Richards allegedly asked Defendant Martinez if he was "looking for her," referring to Plaintiff.

After Plaintiff left the store, Defendant Escondido police officer Peter Donaghy ("Defendant Donaghy") and Defendant Martinez detained Plaintiff outside of the Escondido mall. [FAC at ¶ 15]. The officers allegedly threatened Plaintiff with force and allegedly accused Plaintiff of stealing something from Dick's Sporting Goods. [FAC at ¶ 20]. The officers found nothing and let Plaintiff go, after allegedly threatening to strip search her. [FAC at ¶ 23-24].

After detaining Plaintiff, Defendant Martinez allegedly told Plaintiff that "an employee of Dick's Sporting Goods had accused [Plaintiff] of stealing something from the store." [FAC at ¶ 25]. Plaintiff returned to the store to speak with a manager of the store, and the manager allegedly said that "no employees had seen [Plaintiff] do anything suspicious and no employees from the store had reported anything to the police." [FAC at ¶ 26]. A few days later, Plaintiff allegedly spoke with Defendant Martinez and he allegedly changed his story, stating that "an undercover police officer had been in Dick's Sporting Goods and that this undercover officer had alleged that [Plaintiff] stole something from the store." [FAC at ¶ 19].

## II.    PROCEDURAL HISTORY

On August 17, 2023, Plaintiff filed the complaint [Doc. No. 1], asserting four causes of action against Defendant Martinez and DSG. Only one of those causes of action, negligence, was asserted against DSG. Both Defendants filed an answer to the complaint. [Doc. No. 7]. On February 7, 2024, Plaintiff filed the FAC, adding Defendant Donaghy and two additional state law causes of action against DSG. Defendant police

officers answered the FAC. [Doc. No. 21]. On April 9, 2024, DSG filed the present motion to dismiss all the claims against it. [Doc. No. 26].[1]

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P, 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

---

[1] Plaintiff argues that this motion should be denied because it was filed well past the deadline for a responsive pleading. Defendant argues that if the motion is not decided on the merits at this stage, it will be brought again as a motion for judgment on the pleadings. For efficiency, the Court will decide this motion on the merits despite it being late.

## IV. DISCUSSION

DSG moves for the Court to dismiss Plaintiff's negligence, Ralph Act, and Bane Act claims as they apply to DSG.

### a. Negligence

DSG argues that Plaintiff fails to state a claim of negligence. Plaintiff argues that Defendant's motion to dismiss the negligence claim is procedurally improper because the negligence claim remains identical to the one answered by Defendant in the original complaint.

Generally, a defense asserted in a Rule 12(b)(6) motion to dismiss must be made before filing an answer. *See* Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has acknowledged that an untimely post-answer motion to dismiss can be treated as a judgment on the pleadings. *See Elvig v. Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004). Some district courts have found that "an amended complaint does not revive the right to file a post-answer motion to dismiss, with the exception that *new* claims may be attacked." *Brooks v. Caswell*, No. 3:14-CV-01232-AC, 2016 WL 866303, at *3 (D. Or. Mar. 2, 2016) (emphasis added); *see also Best Fresh LLC v. Vantaggio Farming Corp.*, No. 321CV00131BENWVG, 2022 WL 41112231, at *10 (S.D. Cal. Sept. 8, 2022). Those courts have found that "post-answer motions to dismiss can only be heard to the extent the arguments set forth were not previously available to the moving party." *Best Fresh LLC*, 2022 WL 41112231, at *10.

On the other hand, some district courts have used their discretion to convert the motion for the sake of judicial economy. *See Parra, Tr. of Laura E. Parra Revocable Tr. Dated Sept. 9, 1994 v. Parra*, No. 20-CV-839-DMS-JLB, 2021 WL 2038323, at *2 (S.D. Cal. May 20, 2021). When district courts have used their discretion to convert a post-answer motion to dismiss into a motion for judgment on the pleadings, "[a]n important consideration in converting the motion is whether the pleadings raised the affirmative defense at issue." *Reilly v. Wozniak*, No. CV-18-03775-PHX-MTL, 2020 WL 1033156, at *3 (D. Ariz. Mar. 3, 2020) (converting untimely motion to dismiss into a motion for

judgment on the pleadings where the defendants' answer raised the defense of failure to state a claim).

DSG has failed to respond to Plaintiff's argument that the motion to dismiss as to the negligence claim is an improper post-answer motion to dismiss. The FAC does not change the previously answered negligence claim. Additionally, the normal reasons a district court might entertain an improperly filed motion to dismiss, such as judicial economy, do not apply here. The Defendant's answer to the original complaint does not assert an affirmative defense of failure to state a claim. [*See* Doc. No. 7]. Ultimately, Defendant has failed to proffer any reasons for why the Court should grant its untimely motion to dismiss on the negligence claim, and therefore, its motion to dismiss as to negligence is **DENIED.**

**b. Bane Act**

DSG argues that the California Bane Act claim should be dismissed because no DSG employees did anything that constituted a threat, intimidation, or coercion against Plaintiff and no employees intentionally interfered with any of Plaintiff's state or federal constitutional rights. The Court agrees.

The Bane Act, codified at California Civil Code Section 52.1, imposes liability on a person who "interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of the constitutional or statutory rights of any individual or individuals . . . ." *Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820, 842 (2004). Liability under the Bane Act may not be based on "speech alone" unless "the speech itself threatens violence against a specific person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k).

In support of her Bane Act claim, Plaintiff asserts two statements made by DSG employees allegedly indicating racial profiling. Neither statement made by Johnson or Richards were directed at Plaintiff. The Court does not consider either of these

statements to constitute a threat, intimidation, or coercion under the Bane Act. Indeed, these statements are better classified as "speech alone" pursuant to § 52.1(k). Plaintiff has failed to plead that (1) this speech was directed towards her in any way, or (2) because of this speech, Plaintiff believed violence would be committed against her or that the DSG employees had the apparent ability to carry out any threat against her. Upon a plain reading of the Bane Act, Plaintiff has failed to state a claim, and Defendant's motion to dismiss on this claim is **GRANTED.**

### c. Ralph Act

DSG argues that the California Ralph Act claim should be dismissed because Plaintiff has made "no allegations that Dick's threatened to commit or committed violent acts against Plaintiff." [Doc. No. 26 at 11].

The Ralph Act, codified at California Civil Code Section 51.7, provides that an individual has a "right to be free from any violence, or intimidation by threat of violence" committed against their person or property because of their political affiliation, position in a labor dispute, sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status, or the perception of these characteristics. To prevail on her Ralph Act claim, Plaintiff must establish four elements: (1) Defendant committed or threatened violent acts against Plaintiff; (2) Defendant was motivated by their perception of Plaintiff's race or ethnicity; (3) Plaintiff was harmed; and (4) Defendant's conduct was a substantial factor in causing Plaintiff's harm. *See Campbell v. Feld Entertainment, Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014).

Here, Plaintiff alleges that a DSG employee, "acting on the basis of [Plaintiff's] perceived race, encouraged law enforcement to improperly detain [her] in a manner that caused her to be subjected to threats of violence." [FAC at ¶ 58]. As pled, Plaintiff acknowledges that the threat of violence against her was allegedly committed by law enforcement officials, not by DSG employees. This is enough to find that Plaintiff has failed to state a claim under the Ralph Act. However, in Plaintiff's opposition to the

motion to dismiss, she proffers that DSG should be held liable for the actions of their employees pursuant to Cal. Civ. Code § 51.7(b)(2), which provides that:

> Intimidation or threat of violence includes, but is not limited to, making or threatening to make a claim or report to a peace officer . . . that falsely alleges that another person has engaged in unlawful activity, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report.

Plaintiff alleges that the alleged "report" to the police occurred when DSG employee Richards asked Defendant Martinez, a police officer dressed in civilian clothes, "are you looking for her." Again, there are no allegations in the complaint that DSG employees interacted with Plaintiff at all, let alone directly threatened her with the possibility of a police report. The Court finds that Plaintiff has not stated a claim under the Ralph Act, and DSG's motion to dismiss on this claim is **DENIED.**

## V.     CONCLUSION

For the reasons stated above, the Court **DENIES** the motion to dismiss as to the negligence claim and **GRANTS** the motion to dismiss as to the California Bane Act and Ralph Act claims. Plaintiff's Bane Act and Ralph Act claims against DSG are hereby **DISMISSED without leave to amend.** DSG shall file its answer to the FAC no later than **July 1, 2024**.

Dated: June 17, 2024

Hon. Cathy Ann Bencivengo
United States District Judge